No. 45,200

Jack E. Wisely, *Appellant*, v. State of Kansas, *Appellee*.

(440 P. 2d 632)

Opinion filed May 11, 1968.

*Donald A. Jones,* of Manhattan, argued the cause, and was on the brief for the appellant.

*Howard Fick,* assistant county attorney, argued the cause, and *Robert C. Londerholm,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

O'Connor, J.: This is an appeal by the petitioner, Jack E. Wisely, from an order of the district court of Riley county denying relief in a K. S. A. 60-1507 proceeding.

The sole question presented is whether the lower court erred in refusing to grant an evidentiary or plenary hearing when the petitioner had alleged in his motion the incompetency of counsel.

On February 10, 1966, Wisely was charged with the offense of statutory rape. Following the preliminary hearing, in which he was bound over to the district court, an information was filed, and Mr. John C. Fay was appointed as his counsel. At Mr. Fay's behest a sanity commission was appointed, and Wisely was found to "have the capacity to comprehend his position, understand the nature and object of the proceedings against him, and to conduct his defense in a rational manner." On February 18, Wisely pleaded guilty, and sentence was deferred pending a mental examination at the Topeka State Hospital. On November 21, Wisely was returned to the court and was sentenced to the state penitentiary.

During his incarceration Wisely filed the present motion to vacate the judgment and sentence of the district court, alleging, *inter alia,* incompetency of counsel because Mr. Fay had recommended he plead guilty when there had been no proof of penetration, one of the essential elements of the crime.

In its memorandum opinion summarily denying relief, the district court reviewed extensively the events disclosed by the files and records and found that the motion raised no substantial issues of fact in relation to any event in which the petitioner participated, and his presence was unnecessary to determine any of the issues.

Although the basis of counsel's alleged incompetency is somewhat inarticulately stated, if petitioner is complaining that evidence concerning penetration was not introduced prior to his plea, there was absolutely no necessity for the introduction of such evidence to prove the elements of the offense, in view of his plea of guilty. (*McCall v. State*, 196 Kan. 411, 411 P. 2d 647.) An accused's voluntary plea of guilty is a confession of guilt of the crime charged and every fact alleged therein, and legally it is the most formal and binding confession possible for him to make. (*Allen v. State*, 199 Kan. 147, 427 P. 2d 598.)

If petitioner intended to infer, by his allegation, that counsel did not inform him penetration was an essential element of the crime, and therefore he was misled in entering his plea, his uncorroborated statement is insufficient to entitle him to relief. The motion was filed on the form prescribed in Rule No. 121 (*e*) of this court (197 Kan. LXXV). No witnesses or other evidence was listed on which petitioner intended to rely to prove his allegation of counsel's incompetency. We have said on many occasions that the burden of showing the incompetency of counsel to the extent necessary to overcome the presumption of regularity of a conviction is upon the movant and is not sustained by unsupported, uncorroborated statements of the one convicted. (*Fields v. State*, 195 Kan. 718, 408 P. 2d 674; *Goodwin v. State*, 195 Kan. 414, 407 P. 2d 528; *Huston v. State*, 195 Kan. 140, 403 P. 2d 122.) Furthermore, the bald assertion of petitioner standing alone is insufficient to raise a substantial issue of fact as to the inadequacy of counsel. (*Davis v. State*, 197 Kan. 576, 419 P. 2d 832.) The record discloses that Mr. Fay fully conferred with the petitioner throughout the proceedings in district court. It was through Mr. Fay's request that a sanity commission was appointed to examine the petitioner prior to his arraignment. After petitioner's plea of guilty, again through Mr. Fay's endeavor, sentence was deferred in order that the petitioner undergo a mental examination at the Topeka State Hospital pursuant to K. S. A. 62-1534, *et seq.* In addition, before a plea of guilty was entered, the trial judge informed the petitioner of the charge against him and

asked him if he understood the charge, and the petitioner responded affirmatively.

Under all the circumstances petitioner's claim of incompetency of counsel was not substantial, and the district court did not err in failing to grant an evidentiary hearing. (*Redd v. State*, 199 Kan. 431, 429 P. 2d 925; *Smith v. State*, 199 Kan. 293, 429 P. 2d 103; *Call v. State*, 195 Kan. 688, 408 P. 2d 668, cert. denied 384 U. S. 957, 16 L. Ed. 2d 552, 86 S. Ct. 1581.)

The judgment is affirmed.