(60 P.3d 351)

No. 88,208

WILLIAM A. GILKEY, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed January 3, 2003.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before GERNON. P.J., KNUDSON, J., and LARSON, S.J.

KNUDSON, J.: William A. Gilkey appeals from the trial court's summary denial of his motion filed under K.S.A. 60-1507. On appeal, Gilkey contends the trial court did not enter findings of fact and conclusions of law as required by Supreme Court Rule 183(j) (2001 Kan. Ct. R. Annot. 210). Alternatively, Gilkey contends the trial court erred in summarily dismissing his motion without an evidentiary hearing.

We affirm the trial court. The court's findings and conclusions are sufficient for meaningful appellate review. The court did not err in concluding Gilkey's motion presented no issues of fact or law upon which relief should be granted.

The underlying facts of the criminal case are reported in Gilkey's direct appeal. *State v. Gilkey*, No. 81,002, unpublished opinion filed August 4, 2000.

Gilkey first contends the trial court's lack of specific findings and its conclusions are not adequate under Supreme Court Rule 183(j) and require a remand to the trial court for compliance. The State objects to our consideration of this issue, arguing Gilkey's failure to raise this issue before the trial court precludes appellate review.

"[A] litigant must object to inadequate findings of fact and conclusions of law in order to give the trial court an opportunity to correct them. In the absence of an objection, omissions in findings will not be considered on appeal. Where there

has been no such objection, the trial court is presumed to have found all facts necessary to support the judgment." *Hill v. Farm Bur. Mut. Ins. Co.*, 263 Kan. 703, 706, 952 P.2d 1286 (1998).

Supreme Court Rule 183(j) requires that "[t]he court shall make findings of fact and conclusions of law on all issues presented." (2001 Kan. Ct. R. Annot. 211.)

The State's objection is persuasive. However, we may still consider a remand if the lack of specific findings precludes meaningful appellate review. See *State v. Moncla*, 269 Kan. 61, 65, 4 P.3d 618 (2000); *Stewart v. State*, 30 Kan. App. 2d 380, 42 P.3d 205 (2002). As pointedly noted in *Moncla*:

"The merits of Moncla's motion aside, the fundamental problem with the district court's approach here is that it impedes appellate review. How are we to review the decision, even under the abuse of discretion standard, when neither findings nor conclusions based on the findings are stated? Motions for new trials, *like many 60-1507 motions*, may be meritless and, thus, not entitled to evidentiary hearings. However, the district court must tell us what its findings are and why it concluded the motion to be without merit if we are to conduct any sort of meaningful appellate review." (Emphasis added.) 269 Kan. at 65.

Ordinarily, denial of a 60-1507 motion without an evidentiary hearing is subject to an abuse of discretion standard of review. *Lujan v. State*, 270 Kan. 163, 169, 14 P.3d 424 (2000). We believe that highly deferential standard is in part based upon an assumption that the trial judge considering the 60-1507 motion is the same trial judge who presided at the underlying criminal proceeding. In *Chamberlain v. State*, 236 Kan. 650, 659-60, 694 P.2d 468 (1985), the court stated:

"It is a rule of this court that in an action asserting ineffective assistance of counsel, the trial court must have an opportunity to assess the performance of counsel before an appellate court will consider the matter. Much deference and reliance must be placed upon the wisdom and determination of the trial judge who saw all of the [criminal case] first hand as [it] happened."

In this instance, Judge Paul Clark was also the presiding judge in Gilkey's criminal case. Thus, we will give great deference to his factual findings. This circumstance is not unimportant in ascertaining whether the trial court should be presumed to have found all facts necessary to support dismissal of Gilkey's petition. See *Hill*,

263 Kan. at 706. We are less inclined to indulge in such a presumption when the trial judge was not also the presiding judge in the criminal case. See *Gilkey v. State*, 31 Kan. App. 2d 84, 60 P.3d 347 (2002) (No. 88,234), a decision this date in an unrelated 60-1507 by the same petitioner. We do not suggest some seismic shift in our standard of review, but rather acknowledge the superior vantage point of the judge who presided in the criminal case.

At the preliminary hearing to consider Gilkey's motion, the parties presented the following argument:

"[Defense attorney]: . . . [A] lot of this has been dealt with on direct appeal. The facts of the one count is that apparently there was a traffic stop. They stopped he [sic] and his girlfriend, Lucretia Bailey. The allegation was that she made a statement that she got a bag of something off of Mr. Gilkey and she swallowed it, and they eventually took her to the hospital and gave her something to induce vomiting, and they got the bag back and it tested positive for illegal drugs, and she made a statement to that effect. Now, what he's claiming is that he had ineffective assistance of counsel because he says if my defense counsel had called Lucretia Bailey to the stand, she would have recanted. She would have said, no, I didn't get the bag from my client and swallowed it and eventually had it induced. He also says it was illegal the way they got the bag from the girl. Of course, not his body. It's hers, so I don't think he has any standing to make any complaints as far as that search conducted by the police, if you will. He feels that counsel *should have removed himself as his attorney prior to trial due to irretrievable [sic]* differences. And I contacted Mr. Gilkey about what were these irretrievable differences. Primarily it's the one about not calling Lucretia Bailey. Also, he felt that another police witness, Sergeant Pichler, should have been called to testify because this sergeant would have testified if there had been some drugs on him and they had brought out one of the canine dogs, the dogs could possibly have detected the drugs. And, again, he's complaining about the method in which the cocaine, as he says, was regurgitated from Miss Bailey.

"He talks about also that there was in the—as far as Count 2, I take it there— that there was a defective Complaint and Information; that he was charged with possession of illegal drugs at 1900 North Minnesota, and he says, well, the State didn't prove that; that he did not have possession of drugs at that residence, so he couldn't have been convicted of that. Well, that's a matter that should have been dealt with on direct appeal as far as any sufficiency of the evidence is concerned.

"Again, he also makes an allegation that the defense attorney should have hired someone to examine the cocaine. Again, he doesn't elaborate as to what that examination should have revealed. He doesn't—He does not assert a defense that there wasn't any drugs in the bag. He also claims that there was something wrong with the chain of custody concerning the cocaine found from—or on Lucretia

Bailey, but he did not elaborate, and I requested him to do so, as to what was wrong in the chain of custody at the time of trial.

"And then he also made an argument in his petition for relief that the trial counsel should have requested an instruction as far as a lesser included offense. I contacted him. He doesn't elaborate as to what that instruction should have been. It was two straight possession charges but, again, the Court could have on its own issued the instructions, so I think when we get down to it we're primarily talking about an ineffective assistance of counsel as far as the differences between--a difference of opinion between my client and his trial attorney as far as who is going to be called to testify, chain of custody, and whether or not this bag that was found inside her stomach belonged to her or the—he, he being the boyfriend. I think—Again, this is somewhat confusing, but I think the better practice would be to have him brought back for an evidentiary hearing so we could have some clarification as to just what it was and the differences of opinion by the counsel that they could show that they did not comply with the standard stated in *Chamberlain v. State* and *Strickland v. Washington*, so that would be my request on behalf of Mr. Gilkey today."

Brown's argument was then followed by the argument of Debra Peterson.

"[Prosecutor]: . . . I believe that Mr. Gilkey [also] raises a claim of ineffective assistance of appellate counsel, alleging that counsel was ineffective for failing to allege that legally obtained evidence to convict him, i.e., the drugs received from his girlfriend's stomach, should have been suppressed. There's no reasonable probability that that issue would have been successful on appeal. As Mr. Brown notes, the defendant does not have any standing to raise issues concerning what his girlfriend vomited. Further, it seems that, pursuant to the defendant's version of the events, basically Bailey agreed to the regurgitation process.

"As to the claims regarding trial counsel, all of the claims are conclusory in nature. The only testimony that the defendant proposes to offer is his own and neither conclusory or uncorroborated statements of the movant are entitled relief. That's *Wright v. State*, 5 Kan. App. 2d at 495 and *Wisely v. State* at 201 Kan. 377. Mr. Gilkey seems to have a problem with every attorney who attempts to represent him.

"As to the failure to investigate Bailey, this Court is well aware that recantations are viewed very suspiciously, and there is no real issue that cocaine was found in the girlfriend's stomach. Mr. Gilkey does not seriously suggest otherwise.

"Regarding the testimony of the sergeant, there were no drugs found in his car. All the drugs on which the first count of possession was based were the drugs found in the girlfriend's stomach that she received from Gilkey's crotch area after she imparted herself on the traffic stop. Anything regarding the chain of custody goes to the weight, not the admissibility of the evidence. As to the issue regarding the Complaint/Information/sufficiency of the evidence, the prosecution only had

to show that venue was in Sedgwick County. And I'm at a loss as to what the lesser included instruction should have been, so I don't think that there was any basis for requesting an instruction on any lesser included offense. I thought that he was complaining about some different instruction on possession should have been given. However, there's been no showing or allegation that the instruction on possession given by the Court was an erroneous statement of the law. We would respectfully request that the motion be denied."

## The trial judge then announced his ruling, stating:

"THE COURT: To me a review of the motions, the files, the records in the case in light of the law shows, first of all, that the matter can be disposed of at this point which comes to the incompetent counsel allegation and perhaps the search. The search, again, as I understand the law, Mr. Gilkey would have no standing to complain about some action the police took involving another individual not related to Mr. Gilkey's child or parent, and the incompetent counsel allegation, viewed in light of *Chamberlain* and all the following, show that no relief can be granted here. No hearing is necessary nor is the presence of Mr. Gilkey required to resolve the matter. I'll adopt as my own the recommendations of the State and have Mrs. Peterson draft up a journal entry in this case and circulate the same."

## Thereafter, the trial court's journal entry provided:

"1. The movant first alleges his appellate attorney was ineffective for failing to challenge evidence used to convict him; i.e., drugs recovered from his girlfriend's stomach.

"2. There is no reasonable probability the result of the appeal would have been different if that issue would have been raised. The movant did not have standing to challenge evidence recovered from his girlfriend's stomach. Further, it appears the girlfriend agreed to the regurgitation process.

"3. Next, the movant contends he received ineffective assistance of trial counsel.

"4. All of the movant's contentions in this regard are conclusory. The only evidence the movant proposes to offer is his own testimony. Neither conclusory nor uncorroborated statements of a movant entitle him to relief. *Wright v. State*, 5 Kan. App. 2d 494, 495, 619 P.2d 155 (1980); *Wisley v. State*, 201 Kan. 377, 440 P.2d 632 (1968). Further, all the movant's claims are without merit for the reasons outlined by the State.

"5. The movant has failed to show he was afforded ineffective assistance of counsel as set out in *Chamberlain v. State*, 236 Kan. 650, ¶ 2, 694 P.2d 469 (1985), and its [progeny].

"6. The motion, files and records of the case conclusively show the movant is not entitled to relief."

We conclude Judge Clark's findings and conclusions are adequate to permit appellate review under our limited standard of review.

## *DISCUSSION*

"Guidelines for granting an evidentiary hearing on a K.S.A. 60-1507 motion are provided by statute, court rule and case law. A hearing, whether evidentiary or non-evidentiary, should be granted unless the motion and the files and records of the case conclusively show the movant is entitled to no relief. K.S.A. 60-1507(b); Supreme Court Rule No. 183(f), 225 Kan. lxxv; *Van Bebber v. State*, 220 Kan. 3, 4, 551 P.2d 878 (1976). A presumption of regularity attaches to a judgment of criminal conviction and sentencing thereon. The plaintiff has the burden of establishing irregularity of his conviction and sentence; in a K.S.A. 60-1507 proceeding the movant has the burden of proof. Supreme Court Rule No. 183(g), 225 Kan. lxxv; *Thompson v. State*, 197 Kan. 630, 635, 419 P.2d 891 (1966). Conclusory contentions without evidentiary basis are not sufficient for relief. *Burns v. State*, 215 Kan. 497, 500, 524 P.2d 737 (1974). While corroboration of plaintiff's factual allegations is no longer a formal requirement [see *Morrow v. State*, 219 Kan. 442, 448, 548 P.2d 727 (1976)], corroboration is desirable. The motion must set forth a factual background, names of witnesses or other sources of evidence demonstrating plaintiff's entitlement to relief. *Sullivan v. State*, 222 Kan. 222, 223-224, 564 P.2d 455 (1977). An evidentiary hearing is not required if no substantial issue of fact is presented by the motion. *Rhone v. State*, 211 Kan. 206, 208, 505 P.2d 673 (1973); *Redd v. State*, 199 Kan. 431, 433, 429 P.2d 925 (1967)." *Wright v. State*, 5 Kan. App. 2d 494, 495, 619 P.2d 155 (1980).

Many of Gilkey's initial allegations to support a claim of ineffective trial counsel have not been presented on appeal. Abandonment of those allegations on appeal is understandable, as most have no legal merit or are conclusory. We do, however, wish to address Gilkey's more substantial concerns as to the quality of his attorney representation.

Gilkey argues the most significant contention raised in his motion is that counsel failed to adequately investigate the case and prepare an adequate defense by failing to retain a forensic expert to examine the contents of his girlfriend's vomit and in failing to interview the girlfriend.

We find these contentions to be without merit. Gilkey has not presented a credible claim to suggest the substance was anything other than cocaine. Even his girlfriend told the police she took the

cocaine from Gilkey's person. Gilkey has not presented a credible case that would support a substantial belief that the substance may not have been cocaine. Under such circumstances, trial counsel should not be faulted for failing to retain an expert. It would have been an exercise in futility and, in any event, whether to call a particular witness is usually a matter of trial tactics and within the sound discretion of the trial attorney. See *Mullins v. State*, 30 Kan. App. 2d 711, 46 P.3d 1222 (2002).

Gilkey also contends trial counsel was ineffective for failing to interview his girlfriend. According to Gilkey, his girlfriend was prepared to step forward at his trial and recant her previous statement given to the police. Once again, Gilkey's representations are conclusory. He does not state what her testimony would be or how he would have been exonerated. Such conclusory statements without an evidentiary basis are not sufficient. See *Burns v. State*, 215 Kan. 497, 500, 524 P.2d 737 (1974).

Gilkey's final contention is that appellate counsel was ineffective in the direct appeal for failing to raise as an issue the search of his girlfriend. This contention has no merit. Gilkey had no standing to challenge her search. See *State v. Bartlett*, 27 Kan. App. 2d 143, 151, 999 P.2d 274 (2000).

For the above reasons, we hold that the trial court did not abuse its discretion in denying Gilkey's K.S.A. 60-1507 motion without an evidentiary hearing.

Affirmed.