NOT DESIGNATED FOR PUBLICATION

No. 112,558

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

THOMAS L. WILSON,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed December 11, 2015. Reversed and remanded.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., PIERRON and LEBEN, JJ.

*Per Curiam*:  This appeal involves the denial of Thomas L. Wilson's second K.S.A. 60-1507 motion. On May 13, 2008, a jury convicted Wilson of aggravated robbery. Wilson appealed the verdict, which was affirmed on direct appeal to this court. *State v. Wilson*, No. 101,459, 2010 WL 653126 (Kan. App. 2010) (unpublished opinion), *rev. denied* 290 Kan. 1104 (2010). Wilson then filed his first habeas corpus action under K.S.A. 60-1507. See *Wilson v. State*, No. 107,490, 2013 WL 2918569 (Kan. App.) (unpublished opinion), *rev. denied* 298 Kan. 1209 (2013). The facts of his first unsuccessful K.S.A. 60-1507 motion are relevant to this appeal:

1

On February 14, 2011, Wilson filed his first K.S.A. 60-1507 motion in the district court. He alleged his trial counsel, Alice Osburn, was ineffective. Pamela Parker represented Wilson at the motion hearing. On August 26, 2011, Wilson had learned that Parker's boss, Charles S. Osburn, was married to Alice Osburn. Parker acknowledged the relationship in a letter to Wilson, which stated, "In response to your correspondence from earlier this week, yes, [Charles S. Osburn] and Alice Osburn are related. This is in no way a conflict however as Ms. Osburn does not work in this office."

On October 31, 2011, the district court held an evidentiary hearing on Wilson's claim that Alice Osburn had been ineffective for failing to call a certain witness at trial. The district court denied Wilson relief on his first K.S.A. 60-1507 motion on December 5, 2011.

On June 7, 2013, this court affirmed the denial of Wilson's first K.S.A. 60-1507. He had also sought to raise a claim that Parker was ineffective for the first time on appeal. *Wilson*, 2013 WL 2918569, at *7-8. Wilson claimed Parker had been ineffective for multiple reasons, none of which mentioned an alleged conflict of interest based on the relationship between Alice Osburn and Charles S. Osburn. The *Wilson* court declined to rule on the merits of the issue and affirmed the district court. 2013 WL 2918569, at *1. On October 29, 2013, the Kansas Supreme Court denied Wilson's petition for review of the denial of his first K.S.A. 60-1507 motion.

On April 14, 2014, Wilson filed his second K.S.A. 60-1507 motion pro se, the motion at issue in this appeal. Wilson alleged Parker was ineffective because of the relationship between Parker's boss, Charlie S. Osburn, and Wilson's trial counsel, Alice Osburn. He claimed the Osburns are married and alleged this created a conflict of interest for Parker. Wilson alleged Parker "did not fully investigate or put full effort into prosecuting my petition against Alice Osburn in fear of reprisal from or to gain favoritism

2

from her boss." He attached the August 26, 2011, letter from Parker to his petition. Wilson described the letter as "Parker's response to me when I expressed my concerns over her and the Sedg. Co. Publ. Def. Office representing me due to a clear conflict of interest." Wilson claimed he had not raised this issue below because "[i]t did not occur until appointment of Pamela Parker to my 60-1507 petition."

On July 10, 2014, the district court denied Wilson's motion summarily, finding he had "failed to state a claim that is supported by argument beyond conclusory allegations."

A district court has three options when handling a K.S.A. 60-1507 motion:

"(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing." *Fischer v. State*, 296 Kan. 808, 822-23, 295 P.3d 560 (2013).

When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court should determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief with no deference to the trial court. *Edgar v. State*, 294 Kan. 828, 836, 283 P.3d 152 (2012).

Wilson asks us to reverse the district court's decision denying him an evidentiary hearing on his second K.S.A. 60-1507 motion. He argues: (1) his claim for relief was not conclusory because he had provided evidence that there was a conflict of interest and caselaw in support of his argument; (2) an evidentiary hearing was necessary to determine whether Parker provided effective assistance of counsel during his first K.S.A. 60-1507 proceedings; and (3) the district court failed to make adequate written rulings.

3

In response, the State argues Wilson's claim is both successive and untimely. The State also argues Wilson is not entitled to an evidentiary hearing based on the merits of his K.S.A. 60-1507 motion. Finally, the State contends the district court's written ruling was adequate.

We note that the State's brief provided a brief introductory comment suggesting that this habeas claim simply be denied as untimely and successive. The State's comments in this regard consisted of one sentence, without citation or argument, on each point (timeliness and successiveness). Issues simply raised in passing are generally deemed waived or abandoned. See *Miller v. Johnson*, 295 Kan. 636, 688, 289 P.3d 1098 (2012).

Wilson had a right to effective counsel in the evidentiary hearing held on his previous habeas claim. See *Robertson v. State*, 288 Kan. 217, 228, 201 P.3d 691 (2009). Regarding timeliness, for the purposes of this decision, we assume that a defendant may bring a claim under K.S.A. 60-1507 regarding the effectiveness of the defendant's attorney in a habeas evidentiary hearing within 1 year of the conclusion of the initial habeas case. Regarding successiveness, we note that we declined in the appeal of Wilson's initial habeas case to take up the issue of the effectiveness of his attorney's representation. In these circumstances, then, a later habeas claim focused solely on the effectiveness of the prior attorney's representation is not successive.

In Kansas, a prisoner in custody may file a motion "claiming the right to be released on the ground that the sentence was imposed in violation of the constitution or laws of the United States, or . . . Kansas" under K.S.A. 60-1507(a). The right to file a motion under K.S.A. 60-1507 is not unlimited.

4

The right to file a 60-1507 motion is limited by statute and the Kansas Supreme Court Rules. Under K.S.A. 60-1507(c), "[t]he sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." See also Supreme Court Rule 183(d) (2015 Kan. Ct. R. Annot. 271) (sentencing court not required to consider second or successive 60-1507 motion when "justice would not be served by reaching the merits of the subsequent motion"); *Wimbley v. State*, 292 Kan. 796, 805, 275 P.3d 35 (2010) (district court not required to entertain a second or successive motion filed by the same prisoner absent a showing of exceptional circumstances). The prisoner carries the burden of establishing exceptional circumstances, which are "'"unusual events or intervening changes in the law that prevented the defendant from raising the issue in a preceding 60-1507 motion. [Citation omitted.]"'" 292 Kan. at 805.

Further, the motion

"must be brought within one year of: (i) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (ii) the denial of a petition for writ of certiori to the United States supreme court or issuance of such court's final order following granting such petition." K.S.A. 60-1507(f)(1).

This 1-year time limit "may be extended by the court only to prevent a manifest injustice." K.S.A. 60-1507(f)(2); see also Supreme Court Rule 183(c)(4) (2015 Kan. Ct. R. Annot. 271.).

We will determine whether the record conclusively establishes that Wilson was not entitled to relief.

5

*Supreme Court Rule 183(j)*

Wilson challenges the adequacy of the district court's findings in its order denying him relief.

Under Supreme Court Rule 183(j), the district court must make findings of facts and conclusions of law on all issues presented. Whether the district court complied with Rule 183(j) is a question of law over which an appellate court has unlimited review. *Robertson*, 288 Kan. at 232. A litigant must object to inadequate findings of fact and conclusions of law to provide the district court an opportunity to correct the mistake. *Phillips v. State*, 282 Kan. 154, 179, 144 P.3d 48 (2006); *Gilkey v. State*, 31 Kan. App. 2d 77, 77-78, 60 P.3d 351, *rev. denied* 275 Kan. 963 (2003). "'Where no objection is made, this court will presume the district court found all facts necessary to support its judgment. However, this court may still consider a remand if the lack of specific findings precludes meaningful review. [Citation omitted.]'" *Phillips*, 282 Kan. at 179.

The district court denied Wilson's motion in boilerplate fashion: "[M]ovant failed to state a claim that is supported by argument beyond conclusory contentions." Other panels of this court have considered the same language as insufficient to satisfy Rule 183(j). See *Gant v. State*, No. 112,434, 2015 WL 5312016 (Kan. App. 2015) (unpublished opinion) (finding the following ruling an "obvious" violation of Rule 183[j]: "'After a review of the motion, the files, the records and the previous appellate decisions, this court finds, conclusively, that the movant is entitled to no relief and the petition is dismissed.'"). But the *Gant* court determined a reversal for additional findings under Rule 183(j) was not required because our standard of review required this court to independently review the motion and case file to determine if a movant was entitled to relief. 2015 WL 5312016, at *2. The same can be said here. Even though it "may take longer than it would have had the district court provided a road map for its own analysis,"

6

we can determine whether Wilson is entitled to relief regardless of the sufficiency of the district court's findings. See 2015 WL 5312016, at *2.

After a review of the facts and law applicable to this case we find a hearing is necessary.

The ethics rule that most closely applies in this case is Kansas Rules of Professional Conduct (KRPC) 226 1.7(a)(2) (2015 Kan. Ct. Rule Annot 519). Under KRPC 1.7(a), a lawyer "shall not represent a client if the representation involves a concurrent conflict of interest." Under Rule 1.7(a)(2), one such concurrent conflict exists if "there is a substantial risk that the representation of one or more clients will be materially limited . . . by a personal interest of the lawyer." Wilson has presented a viable argument that the representation provided by Pamela Parker may have been materially limited by Parker's interest in not embarrassing or otherwise showing improper conduct by Alice Osburn, the wife of Parker's boss.

While we do not comment on the underlying strength of Wilson's argument, whether there was a "substantial risk" that Parker's representation of Wilson might have been materially limited under these circumstances is a question of fact that can only be resolved after a hearing.

We reverse and remand for a hearing consistent with this opinion.

Reversed and remanded.

7