NOT DESIGNATED FOR PUBLICATION

No. 112,696

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

GARY LEE MCCOLPIN,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed December 11, 2015. Affirmed.

*Michael P. Whalen* and *Krystle M.S. Dalke*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., PIERRON and LEBEN, JJ.

*Per Curiam*:  In 1977, McColpin was sentenced for convictions of attempted indecent liberties with a child, enticement of a child, and kidnapping. His collective sentence was 21 years to life imprisonment. McColpin is a prolific filer with our court. Since 1977, he has docketed nearly 30 collateral appeals.

In the case at hand, in a K.S.A. 60-1507 motion filed March 12, 2014, McColpin argued he was not furnished with an attorney to perfect his appeal; the State released false information about him to the public; laws must be administered in equity;

1

governments must protect the free exercise of religious beliefs; his due process rights were violated; and he should be granted an evidentiary hearing based on two witnesses who would testify that he was not in the area when the alleged crimes occurred.

The district court summarily denied McColpin's motion finding he had "failed to state a claim that is supported by argument beyond conclusory contentions." McColpin filed a confusing motion for reconsideration appearing to argue that he had stated a claim that was supported by argument beyond a reasonable contention, that res judicata did not bar his claim, and that exceptional circumstances existed to consider his motion. The court summarily denied the motion for reconsideration as well. McColpin appeals.

When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Edgar v. State*, 294 Kan. 828, 836, 283 P.3d 152 (2012).

We agree with the district court that McColpin's alibi-witness claim is conclusory. We also add that McColpin has previously raised this alibi issue and it was rejected. In *McColpin v. State*, No. 105,043, 2011 WL 4717362, at *1-2 (Kan. App. 2011) (unpublished opinion), *rev. denied* 293 Kan. 1107 (2012), McColpin argued his trial counsel had failed to call four alibi witnesses—presumably the two witnesses listed in the present case were among the four alibi witnesses listed previously. The *McColpin* court agreed with the district court's determination that McColpin could have raised this issue in one of his earlier postconviction motions. Moreover, the court concluded that the arguments presented by McColpin did not amount to manifest injustice to overcome the 1-year time limitation in 60-1507(f) or provide exceptional circumstances to warrant consideration of his successive motion. 2011 WL 4717362, at * 1-2. We will not consider the alibi witness issue since we have already ruled this issue could have been raised in McColpin's earlier postconviction motions.

McColpin's main contention is that the district court violated Supreme Court Rule 183(j) (2014 Kan. Ct. R. Annot. 285) when it did not make findings specific to the claims he raised in his motion. Again, he raised essentially the same allegations in his recent 60-1507 motion. The *McColpin* court affirmed the district court's decision, finding that McColpin's claims were clearly successive with no suggestion of exceptional circumstances. 2011 WL 4717362, at * 1-2.

Supreme Court Rule 183(j) (2014 Kan. Ct. R. Annot. 287) states: "Judgment. The court must make findings of fact and conclusions of law on all issues presented." However,

> "'[a] litigant must object to inadequate findings of fact and conclusions of law in order to give the trial court an opportunity to correct them. In the absence of an objection, omissions in findings will not be considered on appeal. Where there has been no such objection, the trial court is presumed to have found all facts necessary to support the judgment.' [Citation omitted.]" *Gilkey v. State*, 31 Kan. App. 2d 77, 77-78, 60 P.3d 351, *rev. denied* 275 Kan. 963 (2003).

The district court expressly found that McColpin had "failed to state a claim that is supported by argument beyond conclusory contentions." We have already disposed of McColpin's alibi claim. This court has previously addressed McColpin's successive inadequate-findings claim several times. See *McColpin v. State*, 2013 WL 4046582, at * 2-3 (Kan. App. 2013) (unpublished opinion), *rev. denied* 298 Kan. 1203 (2014). Again, McColpin never objected to the district court's findings below, never filed a motion for specific findings, and therefore we find they leave no doubt as to the basis for the district court's ruling.

We affirm the district court's ruling of conclusory allegations. We are not prevented from making a meaningful appellate review in this case. *Harris v. State*, 31

Kan. App. 2d 237, 239-40, 62 P.3d 672 (2003). While McColpin correctly argues the district court made no ruling regarding timeliness or the successive/repetitive nature of the motion, a denial of McColpin's motion on either of those grounds would have been adequate as well. See *State v. Kelly*, 291 Kan. 868, 873, 248 P.3d 1282 (2011) (unless the movant shows the existence of exceptional circumstances, the district court may dismiss a successive K.S.A. 60-1507 motion on the basis that it is an abuse of remedy); *Pabst v. State*, 287 Kan. 1, 22, 192 P.3d 630 (2008) (individuals with K.S.A. 60-1507 claims preexisting the 2003 statutory amendment had until June 30, 2004, to file such a motion). A party seeking habeas relief under K.S.A. 60-1507 has the burden of establishing the grounds for relief. Supreme Court Rule 183(g) (2014 Kan. Ct. R. Annot. 285). McColpin has failed to do so.

Affirmed.