No. 47,451

BILLY DEAN BURNS, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(524 P. 2d 737)

Opinion filed July 17, 1974.

*Richard Shaw,* of Coffeyville, argued the cause and was on the brief for the appellant.

*Richard A. Medley,* county attorney, argued the cause, and *Vern Miller,* attorney general, and *David L. Thompson,* assistant county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is an appeal from denial of relief prayed for in plaintiff's K. S. A. 60-1507 motion to vacate sentence.

On September 29, 1965, plaintiff Billy Dean Burns pled guilty to three counts of second degree burglary and grand larceny in violation of K. S. A. 21-520 and 21-524, both now repealed. Burns changed his plea from not guilty to guilty and the county attorney withdrew his motion for imposition of the habitual criminal act. (K. S. A. 21-107a, now K. S. A. 1973 Supp. 21-4504.) The court sentenced Burns to five to ten years on each of the second degree burglary counts and five years on each of the grand larceny counts. The sentences under Counts I and II and the larceny sentence under Count III were concurrent. The burglary sentence of five to ten years under Count III was to be served consecutively.

Burns was represented at all times by appointed counsel. He appealed from the sentences, but that appeal was dismissed with Burns' permission on the advice of counsel.

On July 19, 1973, Burns filed a motion to vacate sentence pursuant to K. S. A. 60-1507, and a motion for appointment of counsel and subpoena of witnesses in support thereof. Burns contends the county attorney betrayed his part of the plea bargain by showing the court his past criminal record even though the habitual criminal act was not invoked. Counsel was appointed, witnesses called, and an evidentiary hearing held on September 17, 1973.

After reviewing the trial record and files of the attorneys appointed for Burns' defense, and after hearing the evidence, the court made the following findings and conclusions: Burns was adequately represented at all times by attorneys who discharged their duties capably within the Canons of Professional Ethics; the appeal taken from his conviction was without merit and was properly dismissed; and his plea of guilty was voluntary and understandingly made. Burns' motion to vacate sentence was accordingly dismissed.

Burns now appeals from that decision. He alleges in effect the county attorney's promise to withdraw the motion for imposition of the habitual criminal act included a promise not to reveal Burns' past criminal record. By its general findings and conclusions against Burns, the court impliedly accepted the testimony of Burns' former attorney that there was no agreement not to reveal that information to the court. The court was presented two versions of the conversa-

tion which preceded Burns' withdrawing his plea of not guilty. Burns' version of the conversation with his counsel is as follows:

". . . The first time Mr. Liebert spoke to me about this he told me I would be sentenced to 1 to 5 and 5 to 10 as opposed to 3 to 15 year sentence if I went to a jury trial, and the second time he told me that Mr. Watson [county attorney] and he had a conversation concerning my sentence—I don't remember his exact words—and that if I would plead guilty that the habitual criminal act would not be invoked and that I would receive a 5 to 10 and 1 to 5 sentence but it would be left to the discretion of the judge whether or not they would run consecutively and no evidence of my prior convictions would be introduced.

". . . He told me that Mr. Watson [county attorney] told him the day I plead guilty that no evidence of prior convictions would be given to Mr. Grant [district judge]."

Frank Liebert, Burns' court-appointed attorney at the time of his sentencing, testified at the 60-1507 hearing as follows:

"Mr. Shaw: O. K., did you discuss the habitual criminal act with Mr. Burns?

"Mr. Liebert: Yes.

"Mr. Shaw: And the fact that it might be used against him?

"Mr. Liebert: Yes, that was one of the prime reasons for taking this plea in this way.

"Mr. Shaw: Did you ever mention anything to Mr. Burns if he did plead guilty that no one would mention the habitual criminal act?

"Mr. Liebert: Well, I told him that he had a pretty good chance to get a double sentence from the court which I just read to you from this note. I recall this that we had a conversation about it because I was pretty worried about the fact that he would probably get a double sentence from the judge of the court on account of his previous record—but—and I don't recall that the county attorney stated that under no circumstances would he show the judge any papers showing his previous record."

Burns' complaint on appeal is simply that the court did not believe his testimony that there was a promise not to reveal his past criminal record to the court. Whether or not evidence is to be believed is within the discretion of the trier of fact, in this case, the court; and absent proof of abuse of discretion its decision will not be disturbed on appeal. There is evidence to support the court's finding and, therefore, we find no abuse of discretion.

Burns' motion contends he was misled by his court-appointed attorney as well as betrayed by the county attorney. The burden of establishing incompetency of an attorney or ineffective assistance of counsel to the extent necessary to overcome the presumption of regularity of a conviction is upon the petitioner. (*Baker v. State,* 204 Kan. 607, 464 P. 2d 212; *Allen v. State,* 199 Kan. 147, 427 P. 2d

598; Rule 121 [g] of the Supreme Court [211 Kan. xliv].) Mere conclusionary contentions of a petitioner for which no evidentiary basis is stated or appears are not sufficient basis for relief from conviction. (*Winter v. State,* 210 Kan. 597, 502 P. 2d 733; *Wolfe v. State,* 201 Kan. 790, 443 P. 2d 260.)

Plea bargaining plays an important role in the effective administration of criminal justice. We approved the application of the ABA Standards for Criminal Administration as they relate to plea bargaining in *State v. Byrd,* 203 Kan. 45, 453 P. 2d 22. The standards provide such agreements are not binding upon the sentencing court. No agreement to withhold Burns' past criminal record, even if made, could have bound the county attorney or the sentencing court to those terms. The sentencing judge may and should ask for a pre-sentence report which would include past convictions, regardless of whether the habitual criminal act was to be imposed. (K. S. A. 1973 Supp. 21-4604, formerly K. S. A. 62-2238.) The authority of the court in ordering consecutive or concurrent sentences for convictions of two or more offenses at the same or separate times is discretionary with the court. (K. S. A. 1973 Supp. 21-4608, formerly K. S. A. 62-1512.) We find no abuse of discretion in the sentences imposed.

Burns further contends the threat of the county attorney to invoke the habitual criminal statute virtually forced him, as a repeat offender, to plead guilty. A guilty plea induced by a prosecuting attorney's promise not to invoke the habitual criminal act is not rendered involuntary for that reason alone. (*State v. Byrd,* supra.) To render such a plea involuntary, the discussion and circumstances leading to the guilty plea must be of a nature to deprive the plea of a voluntary character. The remedy for an involuntary plea is a motion for withdrawal of the plea. No motion for withdrawal based on involuntariness was made at the time of sentencing. Burns states in his brief that his plea was voluntary. He now, in effect, seeks enforcement of his version of the plea bargain.

Plaintiff has presented no grounds upon which the court can afford relief and the decision of the trial court is hereby affirmed.