No. 47,618

GARY W. METZGER, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(532 P. 2d 1104)

Opinion filed March 1, 1975.

*E. Roger Horsky,* of Leavenworth, was on the brief for the appellant.

*Curt T. Schneider,* attorney general, *Patrick J. Reardon,* county attorney, and *Linda S. Legg,* special prosecutor, were on the brief for the appellee.

*Per Curiam:* This is an appeal from an order denying movant relief after an evidentiary hearing upon his petition filed under K. S. A. 60-1507. Appellant was charged with first degree murder of a fellow inmate in the Kansas State Penitentiary. Pursuant to plea bargaining between appellant's attorney and the county attorney, appellant entered a plea of guilty to second degree murder.

Appellant contends that his plea was induced by the county attorney's agreeing to make no recommendation as to the sentence to be imposed. The record shows that when the plea was entered the county attorney requested a life sentence. Two weeks elapsed between the plea and the sentencing. Appellant was then sentenced to twenty-five years, to run consecutively with the sentence he was then serving. At the time of the plea and later at the sentencing there was no objection by either appellant or his attorney to the recommendation.

At the evidentiary hearing on the present motion appellant and his co-defendant testified the county attorney had agreed to make no recommendation as to the sentence. Appellant's former attorney testified that he did not remember any agreement beyond the reduction of the charge to second degree murder. The attorney was sure the prosecutor did not say he would remain silent and that the sentencing was not contrary to plea negotiations. The trial court believed appellant's former attorney and found that the county attorney fulfilled all promises made during the plea negotiations.

The court below was the trier of the facts and the judge of the

credibility of the witnesses. Its findings are based on substantial competent evidence and will not be overturned on appeal. (*Burns v. State,* 215 Kan. 497, 524 P. 2d 737.)

Affirmed.