(995 P.2d 397)

No. 82,223

LYLE CRAIG SANDERS, *Appellant,* v. STATE OF KANSAS, *Appellee.*

Opinion filed December 30, 1999.

*Roger L. Falk* and *Gary W. Owens,* of Law Office of Roger L. Falk, P.A., of Wichita, for the appellant.

*Michelle M. Sehee,* assistant district attorney, *Nola Foulston,* district attorney, and *Carla J. Stovall,* attorney general, for the appellee.

Before LEWIS, P.J., GREEN and KNUDSON, JJ.

LEWIS, J.: Petitioner Lyle Craig Sanders was charged with first-degree murder and an aggravated weapons violation and was convicted of those charges. The original convictions were reversed, and the case was remanded for a new trial. Petitioner was retried

on remand and again convicted as charged. He was sentenced to three life terms and a term of not less than 1 nor more than 5 years, all to run consecutive to each other. The convictions and sentences were affirmed by the Kansas Supreme Court in *State v. Sanders,* 263 Kan. 317, 949 P.2d 1084 (1997).

This appeal deals with a motion filed under K.S.A. 60-1507, attacking the second set of convictions. The trial court summarily denied the petitioner's motion, and petitioner appeals.

The thrust of petitioner's motion on appeal is that both his trial attorney and his appellate attorney were ineffective. The facts surrounding petitioner's charges and convictions are set forth in *Sanders,* 263 Kan. 317, and need not be repeated in this opinion.

Petitioner's 60-1507 motion alleges: "The petitioner's due process and equal protection of the law rights were violated, petitioner's counsel was ineffective." There are no facts alleged in the motion itself to support this claim.

" 'The burden of establishing incompetency of an attorney or ineffective assistance of counsel to the extent necessary to overcome the presumption of regularity of a conviction is upon the petitioner. [Citations omitted.] Mere conclusory contentions of a petitioner for which no evidentiary basis is stated or appears are not sufficient basis for relief from conviction. [Citation omitted.]' " *State v. Jackson,* 255 Kan. 455, 463, 874 P.2d 1138 (1994) (quoting *Burns v. State,* 215 Kan. 497, 499-500, 524 P.2d 737 [1974]).

Despite the fact that no facts were alleged in his motion, a memorandum attached to the motion cites several instances of what a petitioner contends was his attorney's ineffectiveness. However, on appeal, petitioner argues only that trial counsel was ineffective in failing to have the DNA evidence independently tested.

We have read the record in this case, and it demonstrates that petitioner's trial counsel was diligent and aggressively contested the State on every issue, including those involving DNA evidence. Among other things, petitioner's attorney took the following steps during trial: (1) filed a motion in limine requesting the trial court to not allow into evidence preliminary presumptive tests for blood and to prevent the State from making reference to the meaning of "reasonable doubt"; (2) filed other motions requesting a gag order or, in the alternative, jury sequestration and a motion for a *Frye*

hearing; (3) made *Baston* challenges to the State's peremptory strikes; (4) filed a motion for the recusal of Judge Pilshaw. This was done after a couple of instances in which Judge Pilshaw criticized petitioner's counsel and, at one point, allegedly screamed at petitioner's counsel; (5) filed motions for a new trial and for acquittal; (6) requested specific jury instructions on behalf of petitioner; and (7) filed a notice of appeal on behalf of petitioner.

As noted above, petitioner's counsel participated at a *Frye* hearing concerning the State's DNA evidence. At this hearing, petitioner's counsel produced his own expert witness who questioned the validity of the State's DNA test results and, in particular, the procedure used in obtaining those results. Counsel exhaustively cross-examined the State's expert and other DNA witnesses and was able to demonstrate certain weaknesses in the State's evidence.

Petitioner argues that despite having done all of these things, his attorney was ineffective because the attorney did not have an expert independently render an opinion on the DNA sample.

Appellate courts have de novo review of trial courts' analyses of performance and prejudice components of ineffective assistance of counsel claims. *State v. Sperry*, 267 Kan. 287, 297, 978 P.2d 933 (1999).

" 'The Sixth Amendment right to counsel is the right to the effective assistance of counsel, and the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' " *State v. Brown*, 266 Kan. 563, 577, 973 P.2d 773 (1999) (quoting *Chamberlain v. State*, 236 Kan. 650, Syl. ¶ 2, 694 P.2d 468 [1985]).

Kansas follows a two-pronged test in determining whether trial counsel is effective:

" 'A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction requires that the defendant show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.' " *Brown*, 266 Kan. at 577 (quoting *Chamberlain*, 236 Kan. 650, Syl. ¶ 3).

We must determine whether counsel's failure to submit the DNA sample for testing by an independent expert rendered counsel ineffective as an attorney in the constitutional sense of that

term. The courts in this state have not addressed whether a trial counsel's failure to independently test evidence is a reasonable decision to limit or forego investigation rather than a deficient performance. However, a review of other jurisdictions indicates that such a decision has been determined to be tactical and not ineffective assistance of counsel. See *Thompson v. Cain*, 161 F.3d 802 (5th Cir. 1998); *Battle v. Delo*, 19 F.3d 1547 (8th Cir. 1994); *State v. Hamilton*, 791 S.W.2d 789 (Mo. App. 1990), *cert. denied* 513 U.S. 1085 (1995).

In the context of petitioner's situation, we conclude there is no merit in his argument that the failure to submit the DNA sample for independent testing was ineffective assistance of counsel.

The fact is that independent testing *might*, as petitioner argues, have produced evidence in his favor; however, it also *might* have verified that the State's evidence was accurate. Defense counsel had shown the State's evidence to have some exploitable weaknesses which would disappear if another and independent test verified the original results. The decision not to have the DNA independently tested was a tactical decision and not a deficient one, and we hold that it did not constitute ineffective assistance of counsel.

In addition, petitioner has failed to show that he was prejudiced by counsel's failure to obtain independent DNA testing. A petitioner is required to show " 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Brown*, 266 Kan. at 578 (quoting *Chamberlain*, 236 Kan. 650, Syl. ¶ 3). We hold that petitioner was unable to show prejudice and, for that reason as well, his argument as to ineffective assistance of counsel lacks merit.

Petitioner also seeks to raise the issue of ineffective appellate counsel. This issue was not raised before the trial court and will not be addressed on appeal. " 'An issue not presented to the trial court will not be considered for the first time on appeal.' " *State v. Gardner*, 264 Kan. 95, 106, 955 P.2d 1199 (1998) (quoting *State v. Alderson*, 260 Kan. 445, Syl. ¶ 7, 922 P.2d 435 [1996]). The issue has not been preserved for appeal.

Finally, petitioner argues the trial court erred in admitting the DNA evidence.

Although we are convinced from our review of the record that the trial court did not err in admitting the DNA evidence, that issue is not properly before this court.

"Under Kansas law, where an appeal is taken from the sentence imposed and/or a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, *and those issues that could have been presented, but were not presented, are deemed waived.* Where a defendant's claim has not been raised at trial or on direct appeal, such a default prevents the defendant from raising the claim in a second appeal or a collateral proceeding." (Emphasis added.) *State v. Neer,* 247 Kan. 137, 140-41, 795 P.2d 362 (1990).

Supreme Court Rule 183(c)(3) (1999 Kan. Ct. R. Annot. 197) provides, in part: "Mere trial errors are to be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided there were exceptional circumstances excusing the failure to appeal." The question of whether the trial court erred in admitting evidence is an issue that could have been addressed and should have been addressed in petitioner's direct appeal and, as a result, we do not reach that issue.

Affirmed.