**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 16 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

LYLE CRAIG SANDERS,

Petitioner - Appellant,

v.

MICHAEL A. NELSON; ATTORNEY
GENERAL OF THE STATE OF
KANSAS,

Respondents - Appellees.

No. 02-3057
D.C. No. 98-CV-3404-DES
(D. Kansas)

ORDER AND JUDGMENT *

Before **KELLY** and **BALDOCK** , Circuit Judges, and **BRORBY** , Senior Circuit
Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Lyle Craig Sanders, a state inmate appearing pro se, seeks a certificate of appealability (COA) to appeal the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from the denial of a § 2254 habeas petition unless the petitioner first obtains a COA). Because Sanders has not demonstrated "a substantial showing of the denial of a constitutional right," this court denies his request and dismisses the appeal. *Id.* § 2253(c)(2).

In March 1996, Sanders was convicted by a jury of first-degree murder and for unlawful use of a weapon after conviction of a felony.[1] He was sentenced under the Kansas habitual criminal statute to three consecutive life terms for the murder and one-to-five years for the aggravated weapons violation. On direct appeal, Sanders argued that (1) the trial court erred by disallowing cross-examination of a police detective on his subsequent resignation from the police force on a matter unrelated to Sanders' trial; (2) the court erred by allowing the prosecution to introduce evidence of Sanders' post-Miranda warning silence; (3) the prosecution unlawfully used its peremptory challenges to

---

[1] Sanders was previously convicted on the same charges, however, the Kansas Supreme Court reversed and remanded for a new trial after it concluded the trial court erred in failing to instruct the jury on the lesser included charge of second-degree murder. *See State v. Sanders*, 904 P.2d 951, 957 (Kan. 1995).

systematically exclude minorities from Sanders' jury; (4) the court unlawfully imposed a triple-life sentence; and (5) the prosecution failed to prove the aggravated weapons violation. The Kansas Supreme Court affirmed the convictions and sentences in *State v. Sanders*, 949 P.2d 1084, 1093 (Kan. 1997).

Sanders then filed a motion for state post-conviction relief pursuant to Kan. Stat. Ann. § 60-1507, alleging fourteen grounds of trial error including ineffective assistance of counsel. The district court summarily denied that motion. On appeal, Sanders limited his arguments to the issues of whether he received effective assistance of trial and appellate counsel, and whether the trial court erred in admitting certain DNA evidence used to obtain his conviction. The court of appeals noted that although he had raised the issue of ineffective trial counsel in his post-conviction motion, Sanders further limited that argument to the issue of whether trial counsel was ineffective by failing to have the DNA evidence independently tested.

After a lengthy discussion of trial counsel's "diligent and aggressive[]" actions concerning, among other things, the admission of the DNA evidence, the court of appeals concluded that trial counsel's decision to refrain from independent testing of the DNA samples was a tactical one, which did not constitute ineffective assistance of counsel. *Sanders v. State*, 995 P.2d 397, 399-400 (Kan. Ct. App. 1999). In addition, the court concluded that Sanders

failed to show that his case was prejudiced by the lack of independent testing. The court refused to address the issues of whether the trial court erred by admitting the DNA evidence, and whether Sanders was denied effective appellate counsel during his direct appeal because those issues were not properly preserved under Kansas law. *See id.* at 400. The Kansas Supreme Court denied Sanders' petition for review.

In his federal habeas petition, Sanders made the following claims: (1) the trial court erred by disallowing cross-examination of the police detective concerning the circumstances surrounding his resignation from the police force; (2) the court erred by allowing the prosecution to introduce evidence of Sanders' post-Miranda warning silence; (3) the prosecution unlawfully used its peremptory challenges to exclude minorities from Sanders' jury; (4) the prosecution failed to prove the aggravated weapons charge; (5) ineffective trial counsel; (6) ineffective appellate counsel; (7) the trial court improperly admitted certain DNA evidence used to obtain his conviction; and (8) the court unlawfully imposed a triple-life sentence.

The district court denied Sanders' petition, rejecting his constitutional arguments for claims one through five, above, on the merits. The court found that Sanders failed to exhaust his final three claims, concluding that the claims were defaulted on state law grounds, and thus procedurally barred for purposes of

federal habeas review pursuant to *Coleman v. Thompson*, 501 U.S. 722, 735 n.* (1991). The court further found that Sanders had shown neither cause for the defaults or prejudice in his case, nor any fundamental miscarriage of justice. The court refused to issue Sanders a COA.

As noted above, to obtain a COA, Sanders must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies a habeas petition on the merits of the constitutional claims, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court denies a petition on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In light of these governing legal standards, we have conducted a comprehensive de novo review of Sanders' request for a COA and accompanying brief, the district court's memorandum and order, and the entire record on appeal. Based on this review, and for substantially those reasons stated by the district court in its thorough memorandum and order dated February 8, 2002, we conclude that Sanders has not shown his habeas petition is deserving of further

proceedings, debatable among jurists of reason, or subject to a different resolution on appeal. *See id.* Sanders' request for a COA is DENIED. The appeal is DISMISSED.

Entered for the Court


Wade Brorby
Senior Circuit Judge