NOT DESIGNATED FOR PUBLICATION

No. 117,752

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MALIK T. YATES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; CHERYL A. RIOS, judge. Opinion filed June 22, 2018. Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., GREEN and MCANANY, JJ.

PER CURIAM: Malik Yates pled guilty to aggravated burglary, interference with law enforcement, and battery. The district court denied his motion to withdraw his pleas, and this appeal followed.

On October 13, 2016, Yates moved pro se to have his counsel, Chris Woolery and Ann Sagan, replaced because of various complaints about their performance. Four days later Sagan and Woolery, who were not yet aware of Yates' motion, negotiated a plea agreement under which Yates agreed to plead guilty to aggravated burglary, felony interference with a law enforcement officer, and battery. In exchange, the State dismissed the attempted murder

1

charge. Sagan and Woolery represented Yates at the plea hearing. They had not yet been provided with Yates' motion to remove them as counsel, and they were unaware of the motion. Moreover, Yates did not orally advise them of the motion at the plea hearing nor did he advise the court of his motion. The court did not receive Yates' motion to remove his counsel until four days after the plea hearing.

At the plea hearing the court spent considerable time questioning Yates and explaining his rights before accepting his plea. The court confirmed that Yates understood that he was waiving his rights to both a preliminary hearing and a trial. The court offered to read and to explain the charges, but Yates declined the offer. Yates told the court that his attorneys answered all his questions about the agreement and he understood the terms of the deal when he signed it. He said he understood how his guilty plea would affect his rights. He said he was satisfied with the legal advice he received, had sufficient time to consider his attorneys' advice before signing the agreement, and had no complaints about how his attorneys treated him.

Yates was responsive to all the court's questions. He denied being under the influence of drugs or alcohol, taking any prescription medication, or having a history of mental illness. He stipulated to the factual basis for the State's charges. The court accepted Yates' pleas and found him guilty.

Two days later, Sagan and Woolery received Yates' motion to remove them as his counsel. They immediately moved to withdraw from the case.

Shortly thereafter, on October 26, Yates moved to withdraw his pleas, alleging: (1) he was not represented by competent counsel, (2) his attorneys coerced and misled him into entering his pleas, and (3) he did not knowingly or understandingly enter his pleas. It is the ruling on this motion that is the subject of this appeal.

2

In November 2016, the court heard Yates' motion for new counsel. At the hearing, Yates raised various complaints about his counsel. Sagan and Woolery declined to comment on Yates' claims because their comments "would probably prejudice his case." The court ultimately allowed Sagan and Woolery to withdraw and appointed new counsel for Yates.

In January 2017, the district court held an evidentiary hearing on Yates' motion to withdraw his pleas. Yates testified that he should be allowed to withdraw his pleas because (1) his attorneys told him that it would be best if he entered a plea because that would help him avoid "tak[ing] all the heat" for the crimes, (2) Sagan lied and presented "false facts" to him, (3) his attorneys told him that the State would charge him with attempted murder if he did not plead guilty, (4) he did not have a chance to discuss the merits of his case before the day he entered his pleas, (5) he did not have an opportunity to go over the discovery against him, and (6) he did not enter his plea knowingly or intelligently because he did not know the elements of the charged crimes, though he admitted that he had seen the complaint at the time of the plea hearing.

Sagan and Woolery testified to and rebutted each of Yates' claims. Finding Sagan and Woolery to be more credible than Yates, the court denied Yates' motion to withdraw his pleas. The court sentenced Yates to a total of 54 months in prison. This appeal followed.

Yates' sole claim on appeal is that the district court erred in denying his motion to withdraw his guilty pleas before sentencing. Yates had the burden of showing good cause to withdraw his pleas. We apply the abuse of discretion standard in determining whether the district court properly determined that Yates had not met his burden to show good cause. See K.S.A. 2017 Supp. 22-3210(d)(1); *State v. Edgar*, 281 Kan. 30, 38, 127 P.3d 986 (2006); *State v. Ruiz*, 51 Kan. App. 2d 212, Syl. ¶ 1, 343 P.3d 544 (2015). The district court abuses its discretion when no reasonable person could agree with the court's decision or if its

3

decision is based on an error of law or fact. *State v. Morrison*, 302 Kan. 804, 812, 359 P.3d 60 (2015).

When determining whether a defendant showed good cause, the district court must consider the three factors our Supreme Court discussed in *Edgar*: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *Edgar*, 281 Kan. at 36; *Ruiz*, 51 Kan. App. 2d 212, Syl. ¶ 2.

With regard to the first factor, Yates claims he was represented by incompetent counsel because his attorneys "always waited until the last minute to get back to him" and they did not show him the case discovery despite his requests. We find no support in the record to this conclusory claim about waiting until the last minute. Such conclusions which are without any apparent support "'are not [a] sufficient basis for relief from conviction.'" *State v. Jackson*, 255 Kan. 455, 463, 874 P.2d 1138 (1994) (quoting *Burns v. State*, 215 Kan. 497, 500, 524 P.2d 737 [1974]); see *State v. Kelly*, 298 Kan. 965, 969, 318 P.3d 987 (2014).

Yates claims his lawyers withheld evidence from him. The record does not support this claim. Both Sagan and Woolery told the court that they discussed the discovery with Yates during several meetings at the jail. Sagan also noted that Yates received the police reports so he could review them in jail. The district court found this testimony to be credible. We do not substitute our view for that of the district court on matters regarding the credibility of witnesses.

Yates claims there was an irreconcilable conflict of interests between him and his attorneys by virtue of the pro se motion he filed before he entered his pleas. But Yates' counsel were not informed of the motion until well after the plea hearing. Further, the allegations in the motion were mere conclusory statements without any evidentiary basis,

4

and the district court found them to be "unfounded based upon [Yates'] statements" at the hearing.

The proceedings at the plea hearing we described earlier confirm that the district court accepted Yates' pleas only after confirming several times that Yates was satisfied with his counsel. At the plea hearing Yates told the court that (1) he and his attorneys had discussed his legal rights, (2) he had the chance to ask his attorneys questions about the plea agreement before he signed it, (3) his attorneys answered his questions to his satisfaction, (4) he "had adequate time to speak with [his] lawyers about any questions [he] had," (5) he repeatedly told the court he was satisfied with his counsel, and (6) he did not have any complaints about their representation of him. There was ample evidence that Yates' lawyers were effective in representing him.

Next, Yates claims that he was misled and coerced into pleading guilty because of misrepresentations by Sagan and Woolery. He told the district court that he was forced into taking the plea because his attorneys "weren't taking no for an answer." He claimed that Sagan lied to him about the existence of fingerprint, DNA, and eyewitness evidence that the State was prepared to present. But Yates does not point to any specific facts in the record to support these claims. Yates conceded at the hearing on his motion that the alleged lie was nothing more than Sagan advising him that the State was prepared to present evidence in his case.

Sagan and Woolery countered each of these claims at the hearing. The district court accepted as true the testimony of Sagan and Woolery over that of Yates, and we do not revisit the credibility issue. See *State v. Macias-Medina*, 293 Kan. 833, 839, 268 P.3d 1201 (2012).

Finally, Yates claims that he did not knowingly or understandably enter his plea because he did not understand the aggravated burglary charge to which he pleaded guilty.

5

But at the beginning of his plea hearing, Yates told the court that he understood the charges against him. The court asked Yates if he wanted any further explanation about the charges. Yates declined the offer. Then Yates confirmed the factual basis for each charge.

At the hearing on Yates' motion to withdraw his pleas, he told the court he did not understand the aggravated burglary charge because he thought the State charged him with that crime "because [he] stole something." But Sagan testified that she and Yates discussed the charges and the elements of each charge. Woolery testified that he and Yates discussed the basic elements of the aggravated burglary charges, and Yates had no questions about the charges to which he was going to plead guilty.

The record supports the district court's findings that Yates had competent and effective representation, that he was not coerced or misled into pleading guilty, and that he understandably and knowingly entered his pleas. The district court's decision was not based on either an error of fact or an error of law. A reasonable person could agree with the court's conclusion that Yates was not entitled to relief. Thus, the district court did not abuse its discretion in denying Yates' motion to withdraw his pleas.

Affirmed.