NOT DESIGNATED FOR PUBLICATION

No. 123,905

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JAMES LAMONT BROWN SR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Submitted without oral argument. Opinion filed November 22, 2023. Affirmed.


*James L. Brown Sr.*, appellant pro se.


*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before GREEN, P.J., SCHROEDER and CLINE, JJ.


PER CURIAM: James Lamont Brown Sr. timely appeals pro se from the district court's summary dismissal of his K.S.A. 60-1507 motion, raising four general claims of error: (1) The district court lacked subject matter jurisdiction over his trial; (2) the State committed prosecutorial error; (3) trial counsel provided ineffective assistance of counsel; and (4) his appellate counsel provided ineffective assistance of counsel. After an extensive review, we find no error and affirm the district court.

FACTS

The full factual and procedural background of the underlying criminal case was set forth in Brown's direct appeal, *State v. Brown*, No. 109,814, 2015 WL 3555357, at *1-2 (Kan. App. 2015) (unpublished opinion), and need not be repeated here. Relevant to this appeal, in 2012, a jury convicted Brown of nine counts of rape and eight counts of aggravated human trafficking. The district court sentenced him to lifetime imprisonment without the possibility of parole. On direct appeal, another panel of this court affirmed Brown's convictions and sentences. 2015 WL 3555357, at *7.

Brown timely filed a pro se K.S.A. 60-1507 motion, containing 829 pages, raising 26 claims related to ineffective assistance of trial counsel, ineffective assistance of appellate counsel, prosecutorial misconduct, and judicial misconduct. While his motion was pending, the district court appointed Brown six different attorneys, but Brown was not satisfied with their representation. The district court summarily dismissed Brown's K.S.A. 60-1507 motion, concluding:

> "Brown does not undermine this court's confidence that he was convicted because [the victims] testified before the jury that Brown repeatedly raped them in Wichita, Sedgwick County, Kansas, and that the jury convicted him because they believed that testimony and other evidence to be proof of guilt, and not because of the acts or omissions of any judge, prosecutor, or defense attorney."

Brown filed an objection to the district court's memorandum decision, arguing the district court's decision was based on false information and not credible. The district court construed this objection as a motion to reconsider its previous order but found its order should stand without modification. Additional facts are set forth as necessary.

ANALYSIS

Brown advances four overarching arguments on appeal: (1) The district court lacked subject matter jurisdiction over his trial; (2) prosecutorial error; (3) ineffective assistance of trial counsel; and (4) ineffective assistance of appellate counsel. His arguments are difficult to follow, generally conclusory, and often lack support with proper citation to the record or pertinent authority. To the extent he cites authority in support of his various contentions, Brown largely misapprehends the relevant points of law discussed therein. For the reasons explained below, his arguments are waived or abandoned due to improper briefing and are otherwise unpersuasive on the merits.

The State correctly points out Brown has failed to comply with numerous Supreme Court Rules in his briefing, such as Brown's statement of facts contains no record citations. In response to the State pointing out as much, Brown argues he does not have an adequate record.

> "Kansas Supreme Court Rule 6.02(a)(5) requires an appellant to provide specific citations to the record on appeal. Without such citation to the record, the appellate court must presume the district court was correct. See *State v. Bryant*, 285 Kan. 970, 980, 179 P.3d 1122 (2008) (appellant claims that are not properly keyed to the record will not be considered on appeal); *State v. Scheuerman*, 32 Kan. App. 2d 208, 213, 82 P.3d 515 (2003) (material statements not keyed to the record on appeal presumed unsupported by record)." *State v. Razzaq*, No. 114,325, 2016 WL 6139148, at *4 (Kan. App. 2016) (unpublished opinion).

The *Razzaq* panel also held pro se litigants are not excused from complying with the record citation requirements of Kansas Supreme Court Rule 6.02(a)(5) (2023 Kan. S. Ct. R. at 36). 2016 WL 6139148, at *5. We agree with the *Razzaq* panel's reasoning and apply it here.

3

Brown's brief also contains a lengthy appendix with 261 pages of materials not keyed to the record on appeal. This is not a substitute for a proper record. An appendix to a brief should only contain "limited extracts from the record on appeal." Rule 6.02(b) (2023 Kan. S. Ct. R. at 36). Throughout his brief, Brown purports to cite to the record on appeal in support of his various incidental arguments. Most of the purported factual statements do not align with the volume and page numbers cited. We are unable to decipher whether Brown is citing to the actual record on appeal or merely referencing materials in the appendix of his brief. Due to his numerous failures to properly cite to the record, we are seriously handicapped in our review of the issues and, therefore, presume the district court was correct. See *Razzaq*, 2016 WL 6139148, at *4.

The State is also correct Brown fails to cite to the proper standard of review for summary dismissal of a K.S.A. 60-1507 motion. He does not begin his issues with the appropriate standard of appellate review, nor does he provide a pinpoint reference to where each issue was raised and ruled on below or explain why the issues should be considered on appeal (if not raised below) in violation of Rule 6.02(a)(5). Our Supreme Court has held Rule 6.02(a)(5) is to be strictly enforced. *State v. Godfrey*, 301 Kan. 1041, 1043-44, 350 P.3d 1068 (2015). An appellant who fails to comply with this rule risks a ruling that the issue is improperly briefed and will be deemed waived and abandoned. *State v. Williams*, 298 Kan. 1075, 1085-86, 319 P.3d 528 (2014).

We further note numerous errors in the formatting of Brown's brief as it does not comply with Kansas Supreme Court Rule 6.07(a)(1) (2023 Kan. S. Ct. R. at 38), which requires: "All text must be double-spaced except block quotations and footnotes which may be single-spaced." Throughout his brief, Brown purports to quote from the record (albeit with questionable citation thereto) in single-spaced block quotes but then adds his own commentary in the same, single-spaced paragraphs. Although far from the most glaring error in his briefing, this nevertheless complicates our review.

4

The State is well-justified in asserting that the numerous deficiencies in Brown's brief make it difficult for the State to respond to the issues raised therein. Likewise, these deficiencies make it difficult for us to properly analyze the issues. Accordingly, we deem all issues raised by Brown waived or abandoned due to improper and/or inadequate briefing. See *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021) (issues not briefed deemed waived or abandoned); *State v. Gallegos*, 313 Kan. 262, 277, 485 P.3d 622 (2021) (issues not adequately briefed deemed waived or abandoned); *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020) (points raised incidentally in a brief and not argued therein deemed waived or abandoned; failure to support a point with pertinent authority or show why a point is sound despite a lack of supporting authority or in the face of contrary authority is like failing to brief the issue); *Williams*, 298 Kan. at 1085 (failure to comply with Rule 6.02[a][5] constitutes waiver or abandonment of the issue); *State v. Bryant*, 285 Kan. 970, 980, 179 P.3d 1122 (2008) (claims presumed unsupported when not properly keyed to record on appeal). Moreover, even if we considered the claims raised in Brown's brief (to the extent they can be deciphered), they individually and collectively fail to show he is entitled to any relief.

*Standard of Review*

A district court must set aside a movant's conviction if "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 2022 Supp. 60-1507(b). A district court has three options when reviewing a K.S.A. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the

motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.'" *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018).

Here, the district court exercised the first option. When the district court summarily denies a K.S.A. 60-1507 motion, we conduct de novo review to determine whether the motions, files, and records of the case conclusively establish the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). Brown, as the movant, has the burden to prove his K.S.A. 60-1507 motion warranted an evidentiary hearing by making more than conclusory contentions and stating an evidentiary basis in support of his claims with specific factual allegations. See *Mundy v. State*, 307 Kan. 280, 304, 408 P.3d 965 (2018). In deciding whether an evidentiary hearing must be held, the district court generally must accept the factual allegations set out in the motion as true. See *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005).

*The trial court had jurisdiction over the underlying criminal case.*

Brown first argues the district court did not have subject matter jurisdiction over his criminal trial. "Subject matter jurisdiction concerns the court's authority to hear and decide cases. It may be raised at any time, whether for the first time on appeal or even on the appellate court's own motion." *In re K.L.B.*, 56 Kan. App. 2d 429, 437, 431 P.3d 883 (2018). Whether jurisdiction exists is a question of law over which this court exercises unlimited review. *In re N.A.C.*, 299 Kan. 1100, 1106, 329 P.3d 458 (2014).

Brown asserts the district court lacked subject matter jurisdiction due to false statements and/or perjured testimony relied on in the probable cause affidavits, although he does not specify the particular affidavit(s) with which he takes issue. His argument is difficult to follow and contains many conclusory allegations without record support that various in-court statements were unsupported by or contrary to the evidence. The overarching thrust of Brown's purported jurisdictional argument seems to be the State's

6

complaint was defective. Brown's argument is problematic because (1) the State's complaint is not a jurisdictional instrument, (2) Brown is actually raising various claims of trial error, not a true jurisdictional argument, and (3) he already raised this issue on direct appeal. See *State v. Dunn*, 304 Kan. 773, 811, 375 P.3d 332 (2016) ("Charging documents do not bestow or confer subject matter jurisdiction on state courts to adjudicate criminal cases; the Kansas Constitution does."); *Woods v. State*, 52 Kan. App. 2d 958, 964, 379 P.3d 1134 (2016) (res judicata bars consideration of issue raised in K.S.A. 60-1507 motion previously ruled on in direct appeal); *Brown*, 2015 WL 3555357, at *6 (Brown argued State's complaint and amended complaint were fatally defective and charging documents were perjured); Kansas Supreme Court Rule 183(c)(3) (2023 Kan. S. Ct. R. at 243) (absent exceptional circumstances, K.S.A. 60-1507 motion not appropriate means to raise claims of mere trial errors).

Brown's argument also seems to attack the credibility and weight of the evidence underlying his 17 off-grid felony convictions. The panel on direct appeal already found: "The record reflects more than sufficient evidence to support Brown's jury convictions for nine counts of rape and eight counts of aggravated human trafficking beyond a reasonable doubt." *Brown*, 2015 WL 3555357, at *5. Brown is asking us to do several things we cannot do: (1) redetermine an issue already decided on direct appeal; (2) examine a claim of simple trial error raised in a K.S.A. 60-1507 motion without a showing of exceptional circumstances; and (3) substitute our own evaluation of the evidence for the jury's. See *State v. Aguirre*, 313 Kan. 189, 209, 485 P.3d 576 (2021) (in evaluating sufficiency of the evidence, "'[a]n appellate court does not reweigh evidence, resolve conflicts in the evidence, or pass on the credibility of witnesses'"); *State v. Neal*, 292 Kan. 625, 630, 258 P.3d 365 (2011) (defendant must "raise all available issues on direct appeal"); *Woods*, 52 Kan. App. 2d at 964 (res judicata bars consideration of issue raised in K.S.A. 60-1507 motion previously ruled on in direct appeal); Rule 183(c)(3) (absent exceptional circumstances, K.S.A. 60-1507 motion not appropriate means to raise claims of mere trial errors).

7

Simply put, Brown is attempting to advance a procedurally inappropriate claim by characterizing it as a jurisdictional argument. His claim fails as a matter of fact and of law. His conclusory allegations of false statements by law enforcement, the prosecutor, and other witnesses did not deprive the district court of subject matter jurisdiction. Allowing a jury to determine the veracity of the evidence is the quintessential function of trial. The jury had the opportunity to do so and found Brown guilty. The fact he is dissatisfied with the result has no bearing on the district court's authority to hear and decide the matter at issue.

*Prosecutorial error*

Brown next argues the State committed prosecutorial misconduct—now referred to as prosecutorial error—by vouching for the credibility of witnesses and prosecutorial error denied him the right to a fair trial. Specifically, he complains the prosecutor made several comments at trial not supported by the evidence. The various excerpts he claims to cite to from the record do not include correct pin cites with volume and page number. We presume these statements have no factual support in the record given Brown's failure to comply with Rule 6.02(a)(4). See *Bryant*, 285 Kan. at 980. But even if these statements accurately reflect matters discussed on the record, they do not show improper vouching by the prosecutor. Rather, the complained-of statements by the prosecutor reflect a common-sense argument, based on the evidence, why the victims and their mother did not have a motive to lie.

The remainder of Brown's prosecutorial error complaints are that various witnesses' testimony was either false or not corroborated by other evidence. Brown offers no factual support from the record for these contentions; he merely punctuates them with conclusory allegations or unsupported statements. Again, Brown has failed to comply with Rule 6.02(a)(4). And it is not within our purview to determine the weight and credibility of the evidence. *Aguirre*, 313 Kan. at 209.

We find Brown's prosecutorial error argument lacks merit. He has not set forth a sufficient factual basis to show the prosecutor's actions were erroneous, much less prejudicial. As with his previous argument, this claim is generally inappropriate to raise in a K.S.A. 60-1507 motion because it is a claim of trial error that could have been raised on direct appeal. See *Neal*, 292 Kan. at 630; Rule 183(c)(3).

*Ineffective assistance of trial counsel*

Brown argues his trial counsel was ineffective for failing to interview various witnesses and perform adequate investigation, which prevented Brown from presenting his theory of defense. He further argues trial counsel was ineffective in his questioning of witnesses on cross-examination and/or failing to object to the State's questioning of witnesses on direct examination.

The right to *effective* counsel is embodied in the Sixth Amendment to the United States Constitution and "plays a crucial role in the adversarial system." *Strickland v. Washington*, 466 U.S. 668, 685-86, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]); see *Chamberlain v. State*, 236 Kan. 650, 656-57, 694 P.2d 468 (1985) (adopting *Strickland*).

> "To prevail on a claim of ineffective assistance of trial counsel, a criminal defendant must establish (1) that the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, i.e., that there is a reasonable probability the jury would have reached a different result absent the deficient performance. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014) (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984])." *State v. Salary*, 309 Kan. 479, 483, 437 P.3d 953 (2019).

There is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. *Strickland*, 466 U.S. at 689. Brown has the

burden to establish counsel's representation fell below an objective standard of reasonableness viewed at the time of counsel's conduct. See 466 U.S. at 687-88, 690. In analyzing a claim of ineffective assistance of counsel, we need not determine whether counsel's performance was objectively deficient if the defendant cannot show prejudice as a result thereof. *Edgar v. State*, 294 Kan. 828, 843-44, 283 P.3d 152 (2012). Here, Brown has not met his burden to show prejudice.

Brown's arguments on this issue are all conclusory. He also incidentally raises several points where he does not appear to be advancing an argument at all. Instead, he periodically cites to what he asserts are excerpts from the record then follows these up with a series of open-ended or rhetorical questions that, at best, go to issues beyond our scope of review—namely, the weight and credibility of the evidence at trial. See *Aguirre*, 313 Kan. at 209.

Brown complains of numerous potential witnesses trial counsel could have interviewed and various pieces of evidence trial counsel could have investigated, including the crime scene and medical records. However, he never sets forth a factual basis to demonstrate what information such further investigation would have revealed, much less how it would have affected the verdict. This is contrary to the longstanding rule that a movant must set forth more than unsupported contentions to establish entitlement to relief under K.S.A. 60-1507. *Burns v. State*, 215 Kan. 497, 500, 524 P.2d 737 (1974). Accordingly, we find Brown cannot make the requisite showing of prejudice to demonstrate he is entitled to relief based on trial counsel's pretrial investigation.

Brown further makes several incidental arguments about trial counsel's cross-examination of certain witnesses at trial and/or failure to object to testimony elicited by the State on direct examination. His arguments on these points are hard to decipher. He seems to be simultaneously complaining about prosecutorial error and ineffective assistance of trial counsel, but, to the extent he tries to connect the points, his analysis

and explanation is lacking. He makes numerous conclusory allegations the State's questions were leading and/or intended to prejudice the defense—which is generally the point of the evidence the State presents. He further makes several conclusory allegations there was either perjured testimony or various testimony was not supported by the evidence. The latter contention is particularly unpersuasive as trial testimony is evidence.

Brown intermittently cites some authority but generally fails to explain the context of these authorities, much less how any relevant points of law therein apply to his various factual contentions. From one paragraph to the next, Brown's argument shifts from one incidental point to another without meaningful explanation of if/how they relate. Accordingly, we find Brown's complaints about trial counsel's questioning of witnesses and/or responses or failure to respond to various matters introduced by the State are not adequately briefed and, therefore, are waived or abandoned. See *Gallegos*, 313 Kan. at 277.

Due to Brown's improper briefing of the issue(s) and/or failure to provide adequate factual support for his various contentions, we find he has not shown he was prejudiced by any alleged deficiencies in trial counsel's pretrial investigation or performance at trial. Accordingly, Brown is not entitled to relief.

*Ineffective assistance of appellate counsel*

Finally, Brown argues his appellate counsel was ineffective for failing "to raise critical constitutional [violations] and [crimes] on direct appeal." The bulk of his argument is a continuation of the first three issues repackaged through the lens of appellate counsel's failure to raise them on direct appeal. Again, this largely amounts to a series of incidental points punctuated with rhetorical questions, open-ended statements, and/or conclusory allegations of wrongful acts or omissions by appellate counsel, trial counsel, the prosecutor, various judges, and various witnesses.

11

"To establish ineffective assistance of counsel on appeal, defendant must show '(1) counsel's performance, based upon the totality of the circumstances, was deficient in that it fell below an objective standard of reasonableness, and (2) the appellant was prejudiced to the extent that there is a reasonable probability that, but for counsel's deficient performance, the appeal would have been successful.'" *State v. Smith*, 278 Kan. 45, 51-52, 92 P.3d 1096 (2004).

Contrary to Brown's assertions, appellate counsel did not fail to raise any argument on direct appeal that would have been a "dead-bang winner." Brown rehashes his unpersuasive conclusory arguments that false information and perjured testimony was used to charge and convict him. He asserts appellate counsel was ineffective for failing to argue trial counsel was ineffective, although it is not clear how he believes trial counsel should have acted or what appellate counsel should have argued. Brown also suggests appellate counsel omitted arguments on appeal to cover up violations of the Fourth and Fourteenth Amendments to the United States Constitution by investigating officers. Because his arguments are conclusory, poorly framed, and insufficiently briefed, we deem these points waived or abandoned. See *Gallegos*, 313 Kan. at 277.

Brown next argues a conflict of interest arose because the attorney who represented him at his preliminary hearing was subsequently prosecuted in Sedgwick County. Brown claims this created a conflict of interest extending to the district attorney, trial counsel, appellate counsel, and the trial court. Again, this point is premised on nothing but conclusory allegations, which we deem waived or abandoned due to improper briefing. See *Gallegos*, 313 Kan. at 277.

Brown further argues appellate counsel was ineffective for failing to raise prosecutorial error on direct appeal, specifically that the prosecutor attempted to argue facts not in evidence. Brown's argument consists of conclusory assertions the State's questions were improper, the State was arguing facts not in evidence, or the witnesses' answers were untruthful. Setting aside the fact his conclusory allegations are insufficient

to show he is entitled to relief, Brown misunderstands what it means to argue facts not in evidence. He often complains about the prosecutor's questions to various witnesses. However, these were not instances in which the prosecutor was making an argument; it was how the State developed the evidence against Brown to support its request for the jury to find him guilty. Accordingly, Brown cannot establish appellate counsel was ineffective for failing to raise the issue on direct appeal.

Brown additionally complains of a variety of judicial misconduct claims appellate counsel did not raise on direct appeal. Like his other claims on appeal, Brown's arguments are conclusory and inadequately briefed. Based on Brown's failure to support his claims with proper citation to the record, citation to pertinent authority, and general failure to meaningfully explain his points, we deem his judicial misconduct claims waived or abandoned. See *Gallegos*, 313 Kan. at 277; Rule 6.02(a)(4), (5). Moreover, many of the points relevant to this claim were, in fact, raised on direct appeal where his appellate attorney argued the district court erred in denying Brown's motion for recusal.

Finally, Brown argues appellate counsel was ineffective for failing to raise a claim of cumulative trial errors. This claim lacks merit because the panel on direct appeal liberally construed Brown's pro se supplemental brief as raising a claim of cumulative error. The panel concluded: "[T]he evidence overwhelmingly supports the jury's guilty verdict, and we find no cumulative error." 2015 WL 3555357, at *6. Again, Brown cannot use his K.S.A. 60-1507 motion to relitigate an issue already decided on direct appeal. See *Woods*, 52 Kan. App. 2d at 964.

We find Brown's claims on appeal are waived and abandoned due to improper briefing. Further, even if we considered his arguments, he has failed to demonstrate he is entitled to relief on any of the grounds set forth in his brief. Accordingly, we affirm the district court's summary dismissal of Brown's K.S.A. 60-1507 motion.

Affirmed.